# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### CASE NO. **24-12793-J**

**BENJAMIN BLANCHARD, VONN CAPEL,**

        Plaintiffs/Appellants,

vs.

**PASCO COUNTY**, a political subdivision of the State of Florida; **ET AL.,**

        Defendants/Appellees.

District Court Docket No. 8:24-cv-00352-WFJ-CPT

_____/

### APPELLEES', MIKE WELLS, PASCO COUNTY PROPERTY APPRAISER, AND PASCO COUNTY PROPERTY APPRAISER OFFICE, MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 38

Appellees, Mike Wells, Pasco County Property Appraiser (property appraiser), and the Pasco County Property Appraiser Office, by and through the undersigned counsel and pursuant to Federal Rule of Appellate Procedure 38, respectfully move this Court for the entry of an order awarding sanctions against Appellants, Benjamin J. Blanchard and Vonn Capel (Appellants). The property appraiser believes sanctions are warranted where Appellants have consistently filed pleadings that are frivolous and wholly without merit in both this Court and the District Court.

## Certificate of Interested Persons

No. 24-12793-J <u>Blanchard v Pasco County</u>.  The undersigned counsel for appellees, Mike Wells, in his individual and official capacity as Pasco County Property Appraiser, and the Pasco County Property Appraiser Office, pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, hereby certify that the following is a complete alphabetical listing of the trial judges, attorneys, persons, firms, partnerships, corporations and/or other entities with an interest in the outcome of this case:

**Blanchard, Benjamin**, pro-se plaintiff/appellant.

**Capel, Vonn,** pro-se plaintiff/appellant.

**Fasano, Mike**, in his individual and official capacity as Pasco County Tax Collector, defendant/appellee.

**Frederick T. Reeves, P.A.**, counsel for defendants/appellees, Mike Fasano, in his individual and official capacity as Pasco County Tax Collector, and Pasco County Tax Collector Office.

**Hale, Robert C.**, counsel for defendant/appellee, Pasco County, Florida.

**Jung, William F.**, United States District Court Judge, Middle District of Florida, Tampa Division.

C-1 of 3

**Levy Law Firm,** counsel for defendants/appellees, Mike Wells, in his individual and official capacity as Pasco County Property Appraiser and Pasco County Property Appraiser Office.

**Levy, Loren,** attorney with The Levy Law Firm, counsel for defendants/appellees, Mike Wells, Pasco County Property Appraiser, and the Pasco County Property Appraiser Office.

**Pasco County Attorney Office,** counsel for defendant/appellee, Pasco County, Florida.

**Pasco County, Florida,** a political subdivision of the State of Florida, defendant/appellee.

**Pasco County Property Appraiser Office,** defendant/appellee.

**Pasco County Tax Collector Office,** defendant/appellee.

**Reeves, Frederick T.,** attorney with Frederick T. Reeves, P.A., counsel for defendants/appellees, Mike Fasano, in his individual and official capacity as Pasco County Tax Collector and the Pasco County Tax Collector Office.

No. 24-12793-J <u>Blanchard v Pasco County</u>

**Rodkey, Sydney E.**, attorney with The Levy Law Firm, counsel for defendants/appellees, Mike Wells, in his individual and official capacity as Pasco County Property Appraiser, and Pasco County Property Appraiser Office.

**Tuite, Christopher P.**, United States Magistrate Judge, United States District Court Middle District of Florida, Tampa Division.

**Wells, Mike**, in his individual and official capacity as Pasco County Property Appraiser, defendant/appellee.

C-3 of 3

## Procedural Background

On February 6, 2024, Appellants commenced this action by filing their initial complaint with this court against the Pasco County Property Appraiser, Pasco County Property Appraiser's Office, the Pasco County Tax Collector, Pasco County Tax Collector's Office, and Pasco County. [Doc. 1] The complaint was 92 pages long and Appellants pled their claims as civil rights claims pursuant to 42 U.S.C. § 1983. [*Id.*] Appellants alleged that the defendants, including the property appraiser and property appraiser's office, had improperly assessed and collected ad valorem taxes on Appellants' real property without authorization under the United States Constitution, Florida Constitution, Federal law, and/or Florida law. [*Id.*]

Count I of the Complaint attempted to allege a claim under 42 U.S.C. § 1983 against the property appraiser on the grounds that the property appraiser unconstitutionally imposed and applied an income-based ad valorem tax scheme on Appellants' non-income producing property. [Doc. 1 at 58, ¶ 86] It also alleged that the property appraiser misclassified Appellants' non-income producing property and made unlawful filings on official records. [Doc. 1 at 59, ¶¶ 88-89]

Count III[1] attempted to allege a claim under 42 U.S.C. § 1983 against all defendants on the grounds that the defendants violated Appellants' rights under

---

[1] Count II involved an allegation against the tax collector who is a separate defendant in this appeal.

the United State Constitution and state law by improperly imposing and applying an ad valorem tax scheme and vehicle registration scheme on Appellants' non-income producing property.  [Doc. 1 at 66, ¶ 110]

Count IV attempted to allege a claim under 42 U.S.C. § 1982 against all defendants on the grounds that they violated Appellants' rights under the United States Constitution and state law by committing a conspiracy to interfere with protected rights, violating 42 U.S.C. § 1985, and committing common law fraud and unlawful conversion of Appellants' property.  [Doc. 1 at 77-79, ¶¶ 142-50]

Finally, Count V attempted to allege a claim under 42 U.S.C. § 1982 against all defendants on the grounds that they deprived Appellants of their property rights under the color of law.  [Doc. 1 at 80, ¶ 152]  Appellants requested for relief an injunction plus compensatory and punitive damages.  [Doc. 1 at 88-90]

In response to the Complaint, all defendants timely filed motions to dismiss.  [Docs. 14, 15, and 17]  The property appraiser requested dismissal based on lack of subject matter jurisdiction pursuant to the Tax Injunction Act, failure to state a claim, qualified immunity, and the inclusion of improper parties.  [Doc. 17]

On March 2, 2024, this Court entered an "Endorsed Order of Dismissal," dismissing the case and terminating all motions.  [Doc. 24]  The Order stated:

> The gravamen of the complaint is that Pasco County may
> not tax homestead real property located in that County.

> *That is a frivolous contention and without legal merit.* If Plaintiffs wish to replead the complaint, any amended complaint must not be based upon that contention. Although expensive sometimes and annoying always, real property tax is legal and constitutional.

[*Id.*] (Emphasis added).

On March 18, 2024, Appellants filed their 41-page "First Amended Civil Rights Complaint for Damages; Injunctive Relief; and Demand for Jury Trial" (amended complaint). [Doc. 26] Similar to Appellants initial complaint, the amended complaint sought to have this Court (1) enjoin the defendants from assessing, levying, and/or collecting property taxes on Appellants' real property as required pursuant to Florida law; (2) award compensatory and punitive damages against the defendants, including the property appraiser; and (3) enforce criminal laws against the defendants. [*Id.*] Appellants stated that they brought "this action under 42 U.S.C. § 1983 to redress the chilling effect of deprivations under color of state law, and by conspiracy, of inalienable rights secured by the United States Constitution." [*Id.* at 2]

Appellants first brought forth their state causes of action. [*Id.*] Count I was stated as "Fraud Under Color of Law," and Appellants relied on Florida Constitution Articles I and VII and Florida criminal law as support. [*Id.* at 23-25] Count II was for "Conspiracy against Rights," but failed to cite a specific provision

of Florida law.  [*Id.* at 26-27]  Count III was for "Intentional Infliction of Emotional Distress."  [*Id.* at 27]  This Count also failed to state the specific provision of state law that Appellants relied on.  [*Id.* at 27-28]  Count IV was the final state cause of action and was for "Negligence," also failing to cite a specific provision of Florida law.  [*Id.* at 28-29]

Next, Appellants addressed their federal causes of action, beginning with Count V, "Violation of Fourth Amendment – 42 USC 1983."  [*Id.* at 29]  Count VI was for "Violation of Fifth Amendment – 42 U.S.C. 1983."  [*Id.* at 30]  Count VII was for "Violation of Ninth Amendment – 42 U.S.C. 1983," and also referenced the Florida Constitution.  [*Id.* at 31-32]  Count "IIX" was a 42 U.S.C. 1983 claim based on the Fourteenth Amendment to the United States Constitution.  [*Id.* at 32-34]  Contrary to this Court's order, Appellants' amended complaint relied on the same contentions as their original complaint.

Following Appellants' amended complaint, the property appraiser and other defendants again filed motions to dismiss. [Docs. 30, 31, 32]  Once again, the property appraiser argued that the amended complaint should be dismissed where the district court lacked jurisdiction pursuant to the Tax Injunction Act, Appellants' failed to state a claim, the property appraiser was entitled to qualified immunity, and the property appraiser's office was not a proper party.  [Doc. 31]

On August 2, 2024, the district court granted the defendants' motions to dismiss and directed the clerk to close the case.[2] [Doc. 61] The district court issued a written order dismissing the amended complaint with prejudice, which relied heavily on its lack of jurisdiction due to the Tax Injunction Act. [*Id.*] The district court also determined that the amended complaint was "simply frivolous" and stated:

> Beyond the bar imposed by the Tax Injunction Act, the AC [amended complaint] is dismissed because it is simply frivolous. The theories espoused in the AC make no sense, and have no merit in fact or law. The record shows that in the 2023 TRIM notice Plaintiff Capel received an assessment reduction under the Florida Save Our Homes provision, a $25,000 homestead exemption, and an additional homestead exemption of $5,180. This was a modest piece of residential real estate and the taxes assessed for 2023 were approximately $400, which Capel paid. Dkt. 26, Exs. B, C. The theories concocted by the AC make no sense, and cannot be divined to compose a legal theory that comes near to stating a claim. The AC is not subject to remediation or cure and any second amended complaint would be futile. Although a dismissal for lack of subject matter jurisdiction under the Tax Inunction Act would have to be without prejudice, all of these claims are entirely frivolous on their merit and substance. Thus, they are dismissed with prejudice.

[*Id.* at p. 7]

---

[2] Prior to the district court granting the defendants' motions to dismiss, Appellants filed a number of additional motions regarding discovery matters. Many of these additional motions were directed at the property appraiser, requiring further effort to defend this case. [Doc. 40, 49, 50]

Immediately following this order, Appellants filed a Notice of Appeal in this Court. [Doc 72] Appellants appeal the district court's orders dismissing their amended complaint, dismissing their original complaint as frivolous, and denying their motion for jurisdictional discovery. [*Id.*] Appellants arguments on appeal are the same as they were in the district court. Appellants continue to allege that the property appraiser improperly assessed and taxed their real property located in Pasco County, Florida, in violation of the United States Constitution, Florida Constitution, Federal law, and Florida law. Where Appellants make the same meritless arguments here as they made before the district court, this appeal is frivolous.

## **Argument**

Federal Rule of Appellate Procedure 38 authorizes an appellate court to award damages and double the costs to the Appellee:

> If a Court of Appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the Court and reasonable opportunity to respond, award just damages and single or double costs to the Appellee.

Fed. R. App. P. 38. This Court has awarded as sanctions reasonable attorney's fees and double costs when a party ignored governing law and relied on "clearly frivolous" arguments. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018).

"This Court may impose sanctions under Rule 38 against a party who 'raises clearly frivolous claims in the face of established law and clear facts.'"

*Wright v. Branch Banking and Trust Co.*, 857 Fed. Appx. 1009, 1016 (11th Cir. 2021) (quoting *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1362, 1372 (11th Cir. 2016) (quotation omitted)). "A claim is clearly frivolous if it is utterly devoid of merit." *Wright*, 857 Fed. Appx. at 1016; *In re Wizenberg*, 838 Fed. Appx. 406, 415 (11th Cir. 2020). This Court has awarded just damages and costs against pro se appellants who raise "patently frivolous" arguments. *Swanson v. United States*, 799 Fed. Appx. 668 (11th Cir. 2020); *Watkins v. Capital City Bank & Guaranty*, 859 Fed. Appx. 553 (11th Cir. 2021); *Waters v. Commissioner*, 764 F.2d 1389 (11th Cir. 1985).

In *Waters*, this Court awarded double costs plus reasonable attorney's fees against a pro se appellant who pursued on appeal the frivolous position that his wages were not taxable income. 764 F.2d at 1390. In the lower court, Waters argued that his wages were not income and that, accordingly, the federal income tax laws which imposed a tax on wages were unconstitutional. *Id.* at 1389. This Court held that Waters' appeal was frivolous because (1) it was well established that wages are includable in taxable income; (2) the notice of deficiency warned Waters that his position was frivolous; (3) the Tax Court found that Waters' position was frivolous and awarded damages; and (4) the Tax Court's opinion provided a detailed statement of reasons and citations of authority. *Id.* at 1390.

Similar to *Waters*, Appellants arguments are "patently frivolous" and without legal merit. Appellants have consistently argued both in the district court and this Court that they are entitled to relief pursuant to the United States Constitution, Florida Constitution, Federal law, and Florida law where the property appraiser improperly assessed their real property for taxation. Appellants' arguments are incorrect not only because the property appraiser properly followed Florida law in assessing their real property, but also because the district court lacks subject matter jurisdiction pursuant to the Tax Injunction Act. *See* 28 U.S.C. § 1341.

The district court dismissed Appellants' arguments twice, providing different reasons both times. In the district court's order dismissing Appellant's initial complaint, the district court stated that Appellants' argument was "frivolous" based on the contention that Appellants' argument that Pasco county was unable to tax real property located within that county was "without legal merit." [Doc. 24] The district court then granted Appellants leave to amend their complaint as long as any amended complaint was not based upon that same contention. [Doc. 24] In filing their amended complaint that was based on the exact same contention as the original complaint, Appellants clearly violated the district court's order.

The district court also dismissed Appellants' amended complaint. The district court's order dismissing the amended complaint contained extensive

reasoning and citations of authority. [Doc. 61] This time, in addition to determining that Appellants' claims were frivolous and without legal merit, the district court also relied upon the Tax Injunction Act. [*Id.*] The district court stated that due to the available remedies pursuant to Florida law, the Tax Injunction Act applied and barred the district court from exercising jurisdiction. [*Id.*]

Despite the district court's ruling, not once but twice, that Appellants' claims were frivolous and barred by the Tax Injunction Act, Appellants still filed an appeal in this Court. [Doc. 72] Appellants appeal continues to make the same meritless argument that the property appraiser improperly assessed their real property in violation of their rights under the United States Constitution, Florida Constitution, Federal law, and Florida law.

This case is similar to *Waters* where Appellants' arguments are in direct conflict with well-established ad valorem tax law, the district court twice informed Appellants that their claims were meritless, and the district court informed Appellants that their claims were barred based on the Tax Injunction Act. 764 F.2d at 1390. As a result, this Court should determine that Appellants' appeal is frivolous pursuant to Federal Rule of Appellate Procedure 38. *See Wright*, 857 Fed. Appx. at 1016; *Waters*, 764 F.2d at 1390.

## Conclusion

Appellants have burdened this Court and the appellees with this frivolous appeal. The property appraiser respectfully requests that this Court enter an Order sanctioning Appellants, and awarding the property appraiser the amount of the property appraiser's costs and attorney's fees incurred in responding to this appeal, and in filing this Motion for Sanctions, and for such other relief this Court deems to be just and proper. The property appraiser will submit his costs and fess to this Court upon request.

/s/ Sydney E. Rodkey
Loren E. Levy – Lead Counsel
Fla. Bar No. 0814441
Sydney E. Rodkey
Fla. Bar No. 1018436
The Levy Law Firm
1828 Riggins Road
Tallahassee, Florida 32308
Telephone: 850/219-0220
E-mail: *eservice@levylawtax.com*
        *srodkey@levylawtax.com*
        *gsmith@levylawtax.com*

Counsel for defendants/appellees, Mike Wells, individually and in his official capacity as Pasco County Property Appraiser, and Pasco County Property Appraiser's Office

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for the appellees certifies that this document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding the sections exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2629 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using font 14 Times New Roman.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 15, 2024, I electronically filed the foregoing Motion for Sanctions using the ECF System, and that a copy will be served upon the following via transmission of Notices of Docket Activity generated by the ECF System or via e-mail or first-class mail to any party who has not registered or consented to receiving notices via the ECF System or e-mail:

> **Benjamin Blanchard,** *pro se*
> 3201 Anata Drive
> Zephyrhills, Florida 33541
> E-mail: *bennyblanch@prontonmail.com*
>
> **Vonn Capel,** *pro se*
> 3201 Anata Drive
> Zephyrhills, Florida 33541

**Robert C. Hale, Esquire**
Pasco County Attorney's Office
West Pasco Government Center
8731 Citizens Drive Suite 340
New Port Richey, Florida 34654
E-mail: *rhale@pascocountyfl.net*

**Frederick Tracy Reeves, Esquire**
Law Office of Frederick T. Reeves
5709 Tidalwave Drive
New Port Richey, Florida 34652
E-mail: *freeves@tbaylaw.com*
       *vicki@tbaylaw.com*

*/s/ Sydney E. Rodkey*
Sydney E. Rodkey

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VONN CAPEL and RICHARD
BLANCHARD,

      Plaintiff,

v.                                 Case No.  8:24-cv-352-WFJ-CPT

PASCO COUNTY, *et al*.,

      Defendants.

_____/

## ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE

This matter comes before the Court upon the Motions to Dismiss, Dkts. 30, 31, 32, the Amended Complaint, Dkt. 26.  The Motions are granted.  The Amended Complaint ("AC") is not amenable to cure and is dismissed with prejudice.

The 41-page *pro se* AC asserts claims under the "Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States constitution."  Dkt. 26 at 3.  Defendants are the Pasco County property appraiser and tax collector, their respective offices, and Pasco County itself.  The gravamen of the complaint, repeated throughout, is that Defendants are assessing ad valorem property taxes on a piece of residential property in Pasco County without "the required constitutional

situs and income return." *Id.* at 2, 4, 7, 8.  Without this "situs and income return," the properties may not be taxed.  *Id.* at 4.

The AC contends that Article VII of the Florida Constitution requires "situs" for taxpayers, the absence of which here deprives the Defendants of taxing authority.  *Id.* at 6.  This lack violates the aforesaid federal constitutional amendments.  Plaintiff contends the entire State of Florida "is completely ignorant of the Constitutional situs for Ad Valorem Taxation and income requirement for property to be on the rolls, tangible or intangible." *Id.* at 8.

After an introduction, the AC goes into recitation of law that is difficult to follow.  *Id.* at 8–13.  It appears multiple provisions of Florida statutes are set forth and are alleged to be violated.  They allege the taxation of their realty by the County violates these sundry state statutes, and is "continuing the vicious cycle for chilling inalienable rights." *Id.* at 15.

Count I alleges a claim for "Fraud Under Color of Law."  Although the Plaintiffs reside on the property (*id.* at 2-3) and receive a homestead exemption (Dkt. 26 Ex. B), the AC contends that the property is falsely classified as "residential." *Id.* at 24.  And Count I asserts the property should never have been subject to ad valorem realty tax at all.  *Id.* at 24–25.

Count II alleges a "Conspiracy against Rights." *Id.* at 26.  Count III asserts the Defendants are "Acting like Robber Barrons [sic] of America's history" and

Exhibit "A"

thus intentionally inflicting emotional stress.  *Id.* at 27.  Count IV sounds in negligence.  "Federal Causes of Action" begin with Count V.  Count V asserts a 42 U.S.C. § 1983 claim for a fourth amendment violation due to unlawful seizures. This Count appears to seek collective relief "for all others similarly situated in Pasco County, being plagued by property taxes."  *Id.* at 29.  Count VI asserts a fifth amendment takings claim and Count VII asserts a residual claim for the people's rights under the ninth amendment.  Count IIX [sic] asserts a fourteenth amendment due process claim.

For relief the AC seeks an injunction plus compensatory and punitive damages.  The AC seeks treble compensatory damages totally $2,850,000 and punitive damages in the amount of $190,000,000.  *Id*. at 39.  As to the injunction, Plaintiffs seek to enjoin the Defendants from enforcing its taxation policies related to Plaintiffs' property, and further seek to enjoin the Defendants from "assessing all property within the county as taxable without an income return filed and demonstrating assessable situs per Constitutional requirements."  *Id*. at 40.

In their motions to dismiss, Defendants first state that the Tax Injunction Act, 28 U.S.C. § 1341 requires dismissal.  Dkt 30 at 1–4; Dkt. 31 at 5–10; Dkt. 32 at 6– 11.  The Defendants assert other defenses as well, such as Plaintiff Blanchard's possible lack of standing, and the Defendant's likely sovereign immunity under State tort law and issue of qualified immunity under the federal causes of action.

Exhibit "A"

## ANALYSIS OF THE ISSUES

The Tax Injunction Act states "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. §1341. The Act "embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be drastically limited." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1242 (11th Cir. 1991) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)); *I.L. v. Alabama*, 739 F.3d 1272, 1282 (11th Cir. 2014) ("The Tax Injunction Act is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier.'"). The intent to limit federal court jurisdiction in state tax matters is "consistent with and implements the principles of comity between federal and state governments." *See Winicki v. Mallard*, 615 F. Supp. 1244, 1247–50 (M.D. Fla. 1985) *aff'd*, 783 F.2d 1567, 1570 (11th Cir. 1986).

Absent a showing by a plaintiff that state law does not provide an adequate remedy for his constitutional claims, federal courts lack jurisdiction to entertain challenges to a state's scheme of taxation. *Colonial Pipeline*, 921 F.2d at 1242. The Tax Injunction Act bars the exercise of federal jurisdiction when "(1) the relief requested by the plaintiff will 'enjoin, suspend, or retrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'" *Terry*

Exhibit "A"

*v. Crawford*, 615 F. App'x 629, 630 (11th Cir. 2015) (quoting *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984)).  A state court remedy is "plain, speedy and efficient" if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax.  *Rosewell*, 450 U.S. at 503.  It is a plaintiff's initial burden to make a showing that there is no "plain, adequate, and complete state remedy available" in order to overcome the jurisdictional bar of the Tax Injunction Act.  *Winicki*, 783 F.2d at 1570.  A § 1983 claim does not remove the jurisdictional bar imposed by the Tax Injunction Act.  *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 590 (1995).

Florida has a comprehensive statutory scheme for counties to assess and collect taxes simultaneously with procedures for taxpayers to challenge their tax assessments.  Florida taxpayers have both administrative and judicial remedies in the state system.  A taxpayer may file suit in circuit court contesting an ad valorem assessment pursuant to section 194.171, Florida Statutes (2023), which confers jurisdiction to the circuit courts as to "all matters relating to property taxation." Art. V, 20(c)(3), Fla. Const. ("Circuit courts shall have jurisdiction . . . in all cases involving legality of any tax assessment or toll"); *Torres v. Wells*, No. 8:16-cv-2640-T-23AAS, 2017 WL 397609, at *3 (M.D. Fla. Jan. 30, 2017) (stating Florida

Exhibit "A"

provides judicial review of ad valorem tax assessments, a plain, speedy, and efficient remedy, therefore, plaintiff is unable to maintain a § 1983 claim).

The Eleventh Circuit has noted that Florida provides a "plain, speedy and efficient" remedy to all aggrieved Florida taxpayers. *Osecola v. Florida Dept. of Revenue*, 893 F.2d 1231, 1233 (11th Cir. 1990); *see also Lussier v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 972 F. Supp. 1412, 1422 (M.D. Fla. 1997) ("Eleventh Circuit Court of Appeals has decided that Florida's courts provide remedies sufficient to satisfy the Tax Injunction Act").  Florida provides all taxpayers a "full hearing and judicial determination" at which time the taxpayer may raise any and all constitutional objections to tax. *Winicki*, 615 F. Supp. at 1248-49, *aff'd*, 783 F.2d at 1570; *see also Osecola*, 893 F. 2d at 1233 ("Florida courts are also given power to issue declaratory and injunctive relief in tax cases.").

Florida circuit courts possess broad powers of review.  *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994); *City of Deerfield Bch. v. Vaillant*, 419 So.2d 624, 626 (Fla. 1982).  The review afforded to Florida circuit courts gives them the power to remedy loss both in terms of damages and equitable relief, therefore, the Florida procedures satisfy procedural due process and constitute an adequate state remedy.  *McKinney*, 20 F.3d at 1563–64.  In detail, the Eleventh Circuit held:

> The Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax.  Florida courts are also given power

to issue declaratory and injunctive relief in tax cases.  Furthermore, a Florida taxpayer has the statutory right to seek a tax refund from the state.  The Florida Supreme Court has held that this statute authorizes the refund of taxes paid under an unconstitutional law.  Moreover, this circuit has held that the Florida tax remedies are "plain, adequate, and complete."

*Osceola*, 893 F.2d at 1233 (citations omitted).  Taxpayers in Florida have a plain, speedy, and efficient remedy to address tax issues; therefore, federal courts are stripped of jurisdiction for actions that attempt to enjoin, suspend, or restrain a state tax assessment.

Beyond the bar imposed by the Tax Injunction Act, the AC is dismissed because it is simply frivolous.  The theories espoused in the AC make no sense, and have no merit in fact or law.  The record shows that in the 2023 TRIM notice Plaintiff Capel received an assessment reduction under the Florida Save Our Homes provision, a $25,000 homestead exemption, and an additional homestead exemption of $5,180.  This was a modest piece of residential real estate and the taxes assessed for 2023 were approximately $400, which Capel paid.  Dkt. 26, Exs. B, C.  The theories concocted by the AC make no sense, and cannot be divined to compose a legal theory that comes near to stating a claim.  The AC is not subject to remediation or cure and any second amended complaint would be futile.  Although a dismissal for lack of subject matter jurisdiction under the Tax Injunction Act would have to be without prejudice, all of these claims are entirely frivolous on their merit and substance.  Thus, they are dismissed with prejudice.

Exhibit "A"

**DONE and ORDERED** at Tampa, Florida, on August 2, 2024

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

.

Exhibit "A"