# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CASE NO. **24-12793-JJ**

**BENJAMIN BLANCHARD,**
**VONN CAPEL**,                                  On Appeal From Middle

    *Plaintiffs/Appellants,*               District of Florida :

                                                             8:24-cv-00352-WFJ-CPT

vs.

**PASCO COUNTY**, a political subdivision
of the State of Florida; **et al.,**

    *Defendants/Appellees.*

_____/

# RULE 28(J) LETTER
# SUPPLEMENTAL AUTHORITIES

To the Clerk and Panel:

Appellants submit this Rule 28(j) notice identifying three controlling decisions bearing directly on statutory interpretation and constitutional taxation limits argued in this appeal.

In *Dubin v. United States*, 599 U.S. ___ (2023), the Supreme Court held that "*use*" under a statute must be "*at the crux of what makes the conduct criminal*," and not a mere incidental feature. This directly supports Appellants' argument that Florida's ad valorem tax process, which is constitutionally limited to taxing use (not ownership), may not be lawfully imposed where no return was filed and no income or situs was established. See *Reply Br. at 4–5; Opening Br. at 15–16*. *Dubin* reaffirmed *Jones v. United States*, 529 U.S. 848 (2000), which similarly held that "use" in a statutory context requires actual, active employment of property—not passive status or incidental traits. This supports Appellants' position that the Property Appraiser cannot lawfully presume use or valuation from title alone.

Furthermore, *CSX Transp., Inc. v. Georgia State Bd. of Equalization*, 552 U.S. 9 (2007), confirms that state taxation schemes are subject to constitutional scrutiny where valuation methods depart from statutory mandates. Appellants demonstrated that the Appraiser failed to obtain a return as required by Fla. Stat. § 193.052(4), and failed to determine just value by applying the eight required factors under § 193.011, Fla. Stat. *See Reply Br. at 7–9; Opening Br. at 16–17, 25*. The assessment instead relied on DR-408 roll certifications absent statutory valuation. This is precisely the type of administrative irregularity and procedural breakdown addressed in *CSX*.

These cases support Appellants' position that Florida's assessment process, as applied here, violated both statutory and constitutional requirements, and that jurisdiction exists under § 1983 to remedy such defects.

Respectfully submitted,

/s/ Benjamin Blanchard

Pro Se Appellant

Benjamin Blanchard

3201 Anata Dr
Zephyrhills FL 33541
bennyblanch@protonmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 14, 2025, a copy was served upon the following via transmission of Notices of Docket Activity generated by the ECF System to the parties below:

Loren E. Levy – Lead Counsel Fla. Bar No. 0814441
Sydney E. Rodkey -Fla. Bar No. 1018436
1828 Riggins Road
Tallahassee, Florida 32308
Telephone: 850/219-0220
E-mail: *eservice@levylawtax.com*
srodkey@levylawtax.com
gsmith@levylawtax.com

Robert C. Hale, Esquire
Pasco County Attorney's Office
West Pasco Government Center
8731 Citizens Drive Suite 340
New Port Richey, Florida 34654
E-mail: *rhale@pascocountyfl.net*

Frederick Tracy Reeves, Esquire
Law Office of Frederick T. Reeves
5709 Tidalwave Drive
New Port Richey, Florida 34652
E-mail: *freeves@tbaylaw.com*
*vicki@tbaylaw.com*